**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5251

TONY JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Fayetteville.
Malcolm J. Howard, District Judge.
(CR-93-69-H)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William R. Davis, Hope Mills, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Christine Witcover Dean,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Jones pled guilty without a plea agreement to conspiracy to distribute cocaine, 21 U.S.C.A. § 846 (West Supp. 1995) (Count One), interstate travel to commit unlawful activity, 18 U.S.C.A. § 1952(a)(3) (West Supp. 1995) (Count Two), and unlawful use of a telephone, 21 U.S.C § 843(b) (1988). Prior to the scheduled trial date, the government filed a notice of intent to seek an enhanced sentence, 21 U.S.C. § 851 (1988), based on a prior drug felony conviction. Jones was sentenced to the mandatory minimum term of 20 years for an offense involving more than 5 kilograms of cocaine. 21 U.S.C.A. § 841(b)(1)(A) (West 1981 & Supp. 1995). Jones's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Jones has been informed of his right to file a pro se supplemental brief, but has not filed a brief. After a review of the entire record, we affirm the conviction and sentence.

In August 1993, Jones passed a message to Kent Ransom, who was confined on federal drug charges, requesting the name of his source for cocaine in Florida. Ransom alerted authorities and then called Jones and gave him the name of an undercover officer in Miami, Florida. Jones met with the undercover officer in Miami and negotiated a purchase of 10 kilograms of cocaine to be delivered to him at a motel in Lumberton, North Carolina. On the delivery day, Jones arrived at the motel with co-defendant Robert Sampson and $100,000. Jones and Sampson were arrested. Jones eventually pled guilty under a second superseding indictment charging him with a cocaine conspiracy beginning in 1990. At the Fed. R. App. P. 11 hearing, the government stated that it could prove that Jones bought specific amounts of cocaine from Ransom beginning in 1990.

Defense counsel challenges the district court's determination that Jones was not eligible for a sentence below the statutory mandatory

2

minimum sentence under the safety valve provision. 18 U.S.C.A. § 3553(e), (f) (West Supp. 1995); United States Sentencing Commission, Guidelines Manual, § 5C1.2 (Nov. 1994). The provision permits a sentence below the mandatory minimum if (1) the defendant has no more than one criminal history point; (2) he did not use violence or threats or a firearm; (3) the offense did not result in death or serious injury; (4) the defendant did not have an aggravating role; and (5) he has fully cooperated with the government.

Jones had two criminal history points; however, his attorney argued at sentencing that a probationary sentence imposed in September 1981 should not be counted because it was imposed more than ten years prior to the commencement of the instant offense. Defense counsel asserted that the government lacked credible evidence that the instant conspiracy began prior to 1993. After hearing testimony from the agent who debriefed Ransom and personally questioning the agent, the district court determined that Ransom was a credible source of information. The court found that Jones did not qualify for a sentence under § 5C1.2 because his 1981 conviction was properly counted in his criminal history, giving him two criminal history points, and also because he had not been truthful with the government about his attempts to negotiate another cocaine purchase from the undercover officer after his arrest and release on bond. We find that the factual determinations made by the district court are not clearly erroneous. Consequently, the district court did not err in finding that § 5C1.2 did not apply.

In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED